# IN THE COURT OF APPEALS OF IOWA

No. 24-0609
Filed July 2, 2025

**JOANN KOUBA,**
        Plaintiff-Appellee,

**VS.**

**THOMAS DEGNER and CINDY DEGNER,**
        Defendants-Appellants,
_____

        Appeal from the Iowa District Court for Marshall County, Jennifer Miller,

Judge.


        Defendants appeal the district court's decree partitioning heirs property.

**AFFIRMED.**


        Andrew B. Howie (argued) of Shindler, Anderson, Goplerud & Weese, P.C.,

West Des Moines, for appellants.

        Michael R. Horn (argued) of Moore, McKibben, Goodman & Lorenz, LLP,

Marshalltown, for appellee.


        Heard at oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Three siblings—Thomas Degner, Janet Canavese,[1] and Joann Kouba— inherited undivided interests in nine tracts of land.[2] Their cousin, Holly Hach,[3] also inherited an undivided interest in tracts six and seven.[4]

Kouba initiated this action to partition the land in kind. The parties agreed, and the district court determined, that the property qualifies as "heirs property," *see* Iowa Code § 651.1(5) (2022), and should be partitioned pursuant to subchapter III of Iowa Code chapter 651. The court appointed a referee, who provided the court with two partition options.

Option one and option two were largely the same in several respects. Under both options, Kouba would be awarded tracts one and two; Canavese would be awarded tract five; Degner would be awarded tracts eight and nine; and tracts six and seven would continue to be held by Hach and Degner with Hach holding an undivided twenty percent interest and Degner holding an undivided eighty percent interest.

---

[1] The record contains multiple different spellings for Janet's last name. We use the spelling from the original case caption and her counsel's initial appearance.

[2] Degner's wife and Canavese's husband are parties to this action, but because their interests align with their respective spouses, we do not refer to them.

[3] Hach's interest is actually held by a trust bearing her name. For ease of reference, we simply refer to the owner as Hach.

[4] Throughout the proceedings in district court and on appeal, the parties referred to the nine parcels by the consecutive numbers given to the parcels in an appraisal report, and the record contains the legal description for each of the parcels. As the parties consistently refer to each parcel by the number assigned in the appraisal, we do the same. There seems to be no confusion identifying the individual parties by this method, so we also do not include the legal description for each parcel in this opinion.

As to the options' differences, option one granted Degner a ten percent discount on his interest in tracts six and seven to acknowledge that his ownership was still intertwined with Hach's. Option two did not include such a discount. As to tracts three and four, the options took differing approaches. Under option one, tracts three and four would be sold through a public sale. Under option two, Canavese would be awarded tract four; Kouba would receive the north half of tract three; Degner would receive the south half of tract three; and Kouba and Degner would make owelty payments to Canavese.

Degner urged the district court to adopt a modified version of option one. With respect to tracts three and four, Degner proposed the western 18.94 acres of tract three be awarded to Kouba, and the remainder of tract three and all of tract four be awarded to Canavese and Degner to be sold at a later date. Kouba requested the court adopt option two. Canavese preferred the court select option one but was amenable to option two. Hach just wanted to ensure she would continue to hold her undivided interests in tracts six and seven.

The district court decided against both the referee's option one and Degner's modified version of option one, finding either option would require the sale of at least some of the land. Instead, the district court adopted option two in its entirety. Degner filed an Iowa Rule of Civil Procedure 1.904(2) motion to enlarge and reconsider, which the district court denied. Degner now appeals.

"Actions to partition property are tried in equity and reviewed de novo." *Muhr v. Willenborg*, 6 N.W.3d 752, 757 (Iowa Ct. App. 2024). "We give weight to the district court's fact-finding, especially on credibility issues, but we are not bound

by it. As for statutory interpretation, our review is for correction of errors at law." *Id.* (internal citation omitted).

As to the partition of each tract of land, Degner only appeals the partition of tract three. In doing so, Degner highlights that a district court may "approve, modify, or disapprove" the referee's proposals. Iowa Code § 651.16(5). He posits that the district court erroneously believed it was required to adopt either option one or two proposed by the referee without any modification, so the court did not adequately consider his proposal of a modified version of the referee's option one. But nothing in the record suggests that the district court believed it was bound to pick either option one or option two wholesale. On the contrary, the district court considered the modified version of option one advanced by Degner. It simply rejected it and determined that the complete terms of option two were equitable for all parties.

The district court reached this conclusion in part because both option one and Degner's modified version called for the sale of some or all of tracts three and four, though Degner's modified version would not require immediate sale. As noted, all parties agree that the parcels at issue are heirs property. Heirs property is required to be partitioned in kind rather than by sale unless partitioning in kind would result in great prejudice to the parties as a group. *Id.* § 651.30. And the district court concluded that partitioning in kind would not result in great prejudice to the group,[5] thus it rejected the proposals that would require the sale of portions of tract three and tract four.

---

[5] Degner does not challenge this conclusion.

Degner argues that the district court erred by completing a great-prejudice analysis in accordance with section 651.30 because all parties wanted to partition in kind. But Degner (and option one) didn't really seek just partition in kind. Instead, he sought a hybrid partition wherein some tracts would be partitioned in kind while tract four and a portion of tract three would be effectively partitioned by eventual sale. And "great prejudice is a condition precedent to any partition by sale or hybrid partition." *Muhr*, 6 N.W.3d at 159. So the district court did not err by completing a great-prejudice analysis to determine whether it was required to partition all of the property in kind. We recognize that what Degner now seeks, the partition of tract three to award Kouba the western 18.94 acres and him the rest of tract three, would not require any partition by sale.[6] But that is not what he asked the district court for with his modified proposal of option one.[7] So the district court did not err by completing a great-prejudice analysis.

Degner goes on to argue that the division of tract three into northern and southern portions rather than eastern and western portions is inequitable. He complains that this configuration gives Kouba all the tract's wind turbines and associated wind rights. But the referee took this into account when valuing the property and dividing it as part of the referee's option two. The northern portion awarded to Kouba has associated easements that limit the use of that land.

---

[6] At oral argument before this court, Degner's request regarding tract three seemingly morphed into a request that tract three be divided equally from north to south so that both he and Kouba would receive land with a wind turbine.

[7] In the district court, Degner requested that Kouba receive the western 18.94 acres of tract three while he and Canavese receive the remainder of the tract (along with tract four) to sell when advantageous for them. Now, Degner requests Kouba receive the western 18.94 acres and that he alone be awarded the remaining portion of tract three rather than sharing it with Canavese.

Degner complains that because he was awarded the southern portion, he is stuck with the land running along the roadway that is of limited use. He reasons that dividing the tract into east and west sections would burden both with the roadway. But neither portion of land is perfect no matter how tract three is divided. As it stands, the northern portion has waterways and some portions that are not useable during "a wet year." Finally, Degner complains that tract three has historically been farmed running crops north to south. He states that by dividing the land into northern and southern portions, the land will now have to be farmed east to west. Even if we assume that is true, nothing in the record convinces us that the division ordered by the district court is inequitable. So we find no inequity in dividing tract three into northern and southern portions rather than eastern and western.

Finally, Degner complains that the district court did not award him a ten percent discount in overall value for tracts six and seven, as proposed in option one, because he continues to own undivided shares of those parcels with Hach. He points to testimony from the referee about seeing discounts between five and twenty-two percent to compensate for the "lack of marketability or the threat of having to do [the partition] process again" for property continued to be jointly held in undivided interests. Kouba counters that Degner, along with Hach, wanted to continue to own tracts six and seven together, so Degner should not get a discount for a situation of his own making.

On this point, we see both sides. Degner explained that to partition Hach's portion of tracts six and seven would be awkward given the topography. The referee also opined that partitioning tracts six and seven would leave Hach with "a small parcel" that would not be very marketable. And our impression of Degner's

testimony is that he wanted to respect Hach's desire to maintain the twenty percent interest in the tracts she inherited from her own father. On the flip side, Kouba is correct that Degner is essentially asking for bonus equity for delaying the inevitable partitioning of tracts six and seven when he has the opportunity to do just that right now.[8] However, when we review the division of all nine tracts, including the fact that Degner still owns tracts six and seven with Hach, and the resulting owelty payments, the division is ultimately equitable to all parties. So we conclude no discount is necessary.

Following our de novo review, we agree with the district court's decision.

**AFFIRMED.**

---

[8] When asked, "Do you have any issue with the continued ownership with [Hach] of [tracts six and seven]?" Degner replied, "Sometime that's going to be a problem."